**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ALBERT CHERRY | : | |
| Petitioner | : | |
| v | : | Civil Action No. DKC-06-2360 |
| UNITED STATES PAROLE COMMISSION | : | |
| Respondent | : | |

o0o

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus, filed September 11, 2006, alleges that Petitioner has been wrongfully denied a parole revocation hearing. Paper No. 1. Respondent has filed an answer and Petitioner was provided with an opportunity to file a reply. Upon review of the papers filed and the claims raised, and for the reasons stated below, the Petition will be denied.

Background

Petitioner alleges he has been denied due process of law because the United States Parole Commission lodged a parole violation detainer against him on May 20, 2002, and he has not yet received a revocation hearing. Paper No. 1 at pp. 4– 5. Petitioner admits he is in the custody of the Maryland Division of Correction for service of a state-imposed sentence, but claims the delay in providing him with a parole revocation hearing is fundamentally unfair to him. *Id*.

Respondent has provided procedural history relevant to Petitioner's federal sentences and pending parole revocation. Paper No. 4. Petitioner was sentenced by this court on September 16, 1980, to 10 years for bank larceny and aiding abetting, and on May 16, 1986, to 20 years for aiding and abetting, bank robbery, abetting bank larceny, aiding and abetting an assault during a bank robbery, and to 18 years for aiding and abetting bank robbery. Paper No. 4 at Ex. 1, pp. 5– 7 and

Ex. 2.  Petitioner was last released on parole on October 10, 1996. *Id*. at Ex. 3. On November 10, 1997, a parole violation warrant was issued charging Petitioner with illegal drug use, failure to keep appointments for drug testing and counseling, and failure to submit to drug testing. *Id*. at Ex. 4 and 5. Petitioner was arrested on the parole violation warrant on November 17, 1997, but was released again on November 24, 1997, when the Commission decided not to revoke his parole. *Id*. at Ex. 6 and 7.

The warrant at issue in this case was issued on May 9, 2002, charging Petitioner with possession with intent to distribute cocaine, possession of cocaine, and failure to keep appointments for drug testing and counseling. *Id*. at Ex. 9 and 10. The Commission instructed the Marshal's office not to execute the warrant, however, if Petitioner was already in the custody of state or federal authorities. *Id*. at Ex. 11.  In the event Petitioner was found to be in custody, the Commission directed that the warrant be lodged as a detainer with the appropriate authority. *Id*. When Petitioner contacted the Commission stating that he was serving a 15 year sentence in Maryland and asking when the revocation hearing would be scheduled, he was advised it would not be scheduled until he had completed serving the state sentence. *Id*. at Ex. 12 and 13.

## Standard of Review

The Supreme Court has recognized a liberty interest in the context of parole revocation. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The revocation hearing must take place within a reasonable period of time after the parolee has been taken into custody. *Id*. at 485. The due process rights delineated in *Morrissey*,[1] apply to parolees who have been taken into custody solely to

---

[1] Those rights include: written notice of claimed violations of parole, disclosure of evidence, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, the right to have a neutral and detached hearing body consider revocation, and written statement by fact-finders as to evidence relied on and the reasons for

consider possible revocation of parole. *Id*. at 488 ("execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation"). Petitioner had already been convicted of a new offense when the revocation warrant was issued and, as a consequence, the warrant was not executed. A prisoner is not entitled to a parole revocation hearing until the warrant has been executed. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976). Moreover, there is no requirement for execution of a parole violation warrant where the parolee is serving an intervening sentence for a new conviction. *See Gaddy v. Michael*, 519 F. 2d 669, 674 (4th Cir. 1975). Respondent's practice of holding the execution of the warrant in abeyance until the sentence is served is reasonable and does not run afoul of due process protections. *Id*.; *see also Stockton v. Massey*, 34 F. 2d 96, 97 (4th Cir. 1929). Accordingly, Petitioner has not stated a claim upon which relief may be granted and the Petition must be denied. A separate Order follows.

   May 14, 2007                                                                     /s/
Date                                                            DEBORAH K. CHASANOW
                                                                 United States District Judge

---

revoking parole.